Next case on our call this morning is Agenda No. 2, People of the State of Illinois v. Nathan D. Meor. Ms. Flynn, you can proceed when you're ready. May it please the Court, Counsel. My name is Kathleen Flynn, and I represent Nathan Meor. The trial judge wanted to reduce Nathan Meor's conviction for criminal sexual abuse to battery. The fact that she ultimately did not do so was based on her erroneous belief that battery is not a lesser included offense of criminal sexual abuse. This is a misimpression which defense counsel also failed to correct with available authority. The trial court's misapprehension of the law denied Nathan Meor a fair trial, and his conviction should be reduced to battery as the judge intended. Ms. Flynn, let's say we agree with your first proposition that battery may be a lesser included offense of criminal sexual assault. If we found that proposition to be correct, we would still look at whether in this case that battery could be a lesser included offense of criminal sexual assault. What I'm getting at is, couldn't in this particular case this Court just find the conduct as being consensual and that would still be a crime but not be a battery? Well, actually, just to point out, Your Honor, this is a case involving criminal sexual abuse, not criminal sexual assault. Okay, I misspoke. However, the criminal sexual abuse statutes are kind of their own thing, and indeed consent, whether or not the conduct was consensual is irrelevant. Consent is not a defense to these types of crimes. And that is because, in effect, the General Assembly has deemed, as in this case, sexual penetration between persons of the specified ages here, 19 and 15, to be inherently offensive. It is illicit, and therefore insulting or provoking the conduct proscribed by the battery statute. So to answer your question, it doesn't really matter if the conduct here was consensual or not, and certainly that particular element was not alleged in the charging instrument. What is evident here is that the charging instrument alleged that an act of sexual penetration took place, and as I argue in the briefs, that it can reasonably be inferred from that language that the contact, which occurred between a 15-year-old and a 19-year-old, was illicit, presumptively nonconsensual, and therefore supported a charge of battery. In this case, does the defense contend that he wasn't guilty of the greater offense? No. He is, he has been found guilty of criminal sexual abuse. The trial court made that finding. However, she also made it very clear at the hearing on resentencing, the motion for a new trial, I'm sorry, that she wanted to reduce the conviction to battery. We don't know why exactly, and this court doesn't even have to reach that step, as this court made very clear in Baldwin, another lesser-included offense case. The question of whether or not an offense is an included offense of another is entirely separate from the issue of whether a rational trier of fact might find the defendant guilty of the lesser and not the greater. This case just involves step one of that analysis. Isn't there substantial case law that talks about you can be, or a defendant can be found guilty of a lesser-included offense if the evidence supports the conviction of the lesser-included offense and supports an acquittal on the greater offense? Well, that's the argument that the state makes. Isn't that in the case law in our case? Well, that's step two of the lesser-included offense analysis, and that usually arises in cases where the defendant is arguing, for example, I should have received a jury instruction on the lesser-included offense, and I didn't, and therefore I was denied a fair trial. But that is not the issue here. This case rests on a very different principle, and it's the principle of lenity. Now, Nathan Muir is not disputing. I mean, the evidence here supports a finding of guilt on criminal sexual abuse. However, the trial court in her discretion, in her inherent power, decided that she was going to reduce the conviction to battery. Had she done so, it would have been an unreviewable exercise of discretion that the state could not have appealed from. I think one of the cases that Justice Garvin referred to was People v. Kerner, and I think that under that case, it's just the doctrine is inapplicable where a defendant is either guilty of the greater offense or not guilty of any offense. Well, as I said before, that is really the step two of the lesser- I believe Kerner was a case in which the defendant said, argued that he should have gotten the instruction on the lesser, and the appellate court essentially said, well, either you did it or you didn't. And analogizing to this case, either the penetration took place, if it did, you're guilty of criminal sexual abuse. If it didn't, you're not guilty at all. But that's not the conclusion that the trial court arrived at. As I said before, this is not really an evidentiary analysis. What are you looking for as a result of this case? I would like this court to reduce Nathan Muir's conviction to battery. The record is clear. The trial court would have reduced had she been properly apprised of the law, either by defense counsel or through her own research, that battery is a lesser-included offense of criminal sexual abuse. Did the trial court invite brief citations from trial counsel? Yes. It was not provided? She explicitly invited defense counsel to supply her with authority. But she said that, you know, absent that authority, she could not reduce the charge at that time. Defense counsel never followed up. Possibly he just could not find any authority? Well, had he done a bit of research, he could have found the case in Ray Matthew Kay. I'd like to get back to my first point on the heels of what Justice Freeman said. If we find that battery can be a lesser-included offense of criminal sexual abuse, but not under the facts of this case, we never even get to the ineffective assistance of counsel because counsel can't be ineffective for not coming up with law that we would find would not be persuasive. So I want to understand your argument and what it's based on. It appears that your argument is that sexual penetration is synonymous with insulting or provoking. And is that based on Black's Law Dictionary definition, which I think you cited? Is it based on case law? Because if you look at the sexual criminal abuse statute, it doesn't use the battery language. And you could certainly convict someone if the victim was at least 13 years of age, but under 17 years of age, and the accused was less than five years older than the victim. That's what the statute said. It doesn't say anything about insulting or provoking. So what makes the act of sexual penetration, albeit consensual, synonymous with insulting and provoking to get the lesser-included battery charge? Well, certainly we're not arguing here that every act of sexual penetration is inherently insulting or provoking. The act alleged here is in the context of a criminal complaint alleging that a 19-year-old committed an act of sexual penetration on a 15-year-old. Now, even though it's not specifically alleged in the complaint that it was non-consensual or by force or against her will, you know, such as the old rape statute used to have, as I said before, the legislature has deemed contact like this to be essentially criminal touching. It is illicit sexual contact that has been outlawed. And with regard to the dictionary definition, I think it's important not to see battery in an unduly restrictive manner. The battery statute prescribes a physical contact of an insulting or provoking nature. Now, while sexual penetration might not necessarily qualify in every case as insulting, it is certainly always provoking contact in the sense that it elicits a reaction. It's contact which cannot be ignored. And that, that is the type of, it's that provoking nature of the contact that I would argue is inherent in a charge of unlawful sexual penetration. So again, to answer my question, it's argument. You're not citing any case law for the proposition. Is that correct? Well, no court has ever addressed this directly. The case of In re Matthew K., which would have been applicable authority for defense counsel at the time of the sentencing hearing had he come up with it, there was a young man who was charged with criminal sexual abuse based on an allegation of sexual conduct. Now, the court found, the appellate court found in that instance, that the state had failed to prove that the defendant acted for purposes of sexual gratification. So that sexual conduct requires that the state prove a sexual gratification purpose in that instance. Now, once that element fell out, once that element was found not to have been supported by the evidence, what the appellate court was left with was an allegation of sexual touching. That is the same type of touching that is alleged in the complaint against Mr. Muir. The appellate court in Matthew K. found it to support a conviction on the lesser included offense of battery, and this court should also so find. The charging instrument approach properly applied compels the conclusion that battery is a lesser included offense of criminal sexual abuse in this case. The trial court's ultimate refusal to reduce Mr. Muir's conviction to battery denied Muir of a fair trial because the trial court operated under a misapprehension of law. Alternatively, defense counsel was ineffective for failing to bring to the attention of the trial court a case such as in Ray Matthew K., which would have supported his client's position. This court should reduce Muir's conviction to battery, or in the alternative, remand the case so the trial judge may reconsider her finding of guilt in accordance with the proper understanding of the law. Mr. Chief Justice, Honorable Justices, Counsel, good morning. I'm James Fitzgerald, Assistant State's Attorney on behalf of the people of the state of Illinois. This court has said in Colton, in adopting minority view in Novak, that those elements of the lesser offense which are not explicitly spelled out have to be reasonably inferred from the language of the charging indictment. When you resort to dictionary definitions, when you stand before this court and say, not all acts of sexual penetration are battery, that is not a reasonable inference from the charging instrument in this case. The defense argument doesn't lie with this court because the law on battery, both in the criminal law and the civil law, is consistent. It's to irritate, to make angry, to allow somebody to do something that could be criminally liable on their behalf. It's an unjustifiable touching of a provoking or insulting nature. There's nothing in this case to infer, reasonably or unreasonably, that this sexual penetration was anything but consensual. In fact, both parties agree that it is. And that brings me to Justice Thomas. She said if we did this, doesn't consent stand in the way here? While consent is not a defense available to the defendant in this case, consent would. Where's the unjustifiable touching in this case, which is part of the battery statute? The defense argument is not with this court or its interpretation of battery. It's with the General Assembly. The General Assembly said that children of this age do not know the consequences of sexual acts. And we are going to criminalize it. Is that right or wrong? That's up to the General Assembly. It's up to the people of the state when they elect their representatives. How for this court to second-guess the General Assembly? In this case, the victim was 15. The defendant was 19. He was less than five years older than her. There was an act of sexual penetration that fit the statutory definition. As Justice Garvin said, finding the defendant guilty of the lesser offense is necessarily finding him not guilty of the greater offense. In this case, it is not rationally possible. All the elements were proven in this case beyond a reasonable doubt. Mr. Fitzgerald, is then the conduct that you're describing insulting or provoking as a matter of law? No. It's sexual penetration. The defendant herself, you know, Ms. Flynn, lawyer of counsel, says, we're not saying that every act of sexual penetration is a battery. Then what is it? In this context, especially in this case, it cannot be a battery. It would stand the law of battery, both criminal and civil, on its head. It would disregard what this court has long held what battery is in the criminal context and in the civil context. Nothing fits the definition that the defendant has proposed to this court. They use the Black's Law Dictionary to say that it's to provoke. We submit that they're looking at it in a provocative way rather than as a means of provocation, which battery usually is, to provoke somebody into a criminal act, to do something they wouldn't normally do by the offensive or insulting contact. So any way you look at the defendant's argument in this case, there simply is no exception in this case for a battery to be a lesser included offense. The statutory elements of the charged offense were met. There is no way that a rational trier fact could have found the defendant not guilty of criminal sexual abuse in this case. There is nothing in the charging instrument from which it can reasonably be inferred that battery is a lesser included offense in this case. The appellate court was correct in all respects. The judge below was looking at judicial lenity. That's not the judge's role. It happens in juries, and it does happen on occasion in a bench trial, but the judge is supposed to look at the law. The defendant is supposed to be responsible for his criminal conduct, which is proven at the trial. Battery was not proven at this trial, as it's traditionally been defined by this court and the appellate courts of this state and in the common law itself. What had been proven is criminal sexual abuse under 1215C. Defendant was 19, victim was 15. There's an act of sexual penetration. For these reasons, as well as I'll say in our brief, we request that the decision of the appellate court be affirmed. Thank you. The state repeatedly argues that no reasonable trier of fact could have found Mr. Muir guilty only of battery on these facts. But, again, I wish to stress this is not that type of case. This is a case about lenity, which happens in jury verdicts, and it certainly happens with inconsistent bench verdicts, as occurred in People v. McCoy, in which this court specifically noted that trial courts may exercise lenity in what they perceive as the interests of justice. That is what was occurring in this case. I also wanted to point out that we're not arguing for any kind of exception to the criminal sexual abuse statute. In fact, contrary to the state's representation, I agree with the General Assembly and their drafting of the statute and their characterization of this type of illicit physical contact as alleged in the criminal sexual abuse statute. The General Assembly, as I said before, has deemed this type of contact to be illicit, therefore, from which insulting and provoking physical contact may be inferred. Is that insulting to the General Assembly or insulting and provoking to the victim under your definition? Insulting or provoking, I would say to both. They have deemed this type of contact to be harmful to the 13- to 17-year-old involved and, therefore, inherently insulting or provoking. What class felony is the criminal sexual abuse? Criminal sexual abuse is a Class A misdemeanor. Same as the battery. It is. However, lesser included offense is a term of art that's evolved over the years. However, the definitional section of the criminal code talks about included offenses, and it talks about whether or not one offense requires less facts or a different state of intent in order to be considered an included offense of another. So it doesn't really matter that both of the offenses here are of the same class. Battery is still a lesser included offense of criminal sexual abuse. The difference is that if he's convicted of battery, he wouldn't have to register as a sex offender. That's correct. That's what it boils down to. That's correct.  Thank you. Thank you, Counsel. Case number 106-122 will be taken under advisement as agenda.